HALL *v.* BOWEN-OGLESBY MILLING COMPANY.

Opinion delivered December 5, 1927.

1. SALES—NONPAYMENT OF DRAFT—EVIDENCE OF BANK'S SOLVENCY.— In an action for the value of flour sold where the bank through which the buyer paid the draft had become insolvent before the seller received payment, testimony as to the bank's solvency at the time the bank accepted the buyer's check and gave its draft therefor, and the buyer received the goods, *held* competent.

2. CUSTOMS AND USAGES—COMPETENCY OF EVIDENCE.—In an action for the value of flour sold, where the draft for which the buyer had given his check was never paid by the bank giving it, because the bank became insolvent, testimony with reference to the custom of banks in collecting and remitting checks *held* competent, since the neglect of the bank in failing circumstances to conform to the custom in handling the check would be a circumstance tending to show that its failure to remit was due to lack of funds.

3. TRIAL—ARGUMENTATIVE INSTRUCTIONS.—In an action for the value of flour sold, where the bank through which the buyer paid the draft became insolvent before the seller received payment, an instruction that the jury might consider all the evidence in determining whether the bank was able to pay the check when it received the same for payment, *held* proper as against the con-

tention that it was argumentative and singled out a particular part of the evidence.

Appeal from Polk Circuit; *B. E. Isbell,* Judge; affirmed.

*Pipkin & Frederick,* for appellant.

*Norwood & Alley,* for appellee.

HUMPHREYS, J.  This is the second appeal in this case.  On the first appeal the judgment in favor of L. W. Hall, the appellant herein, was reversed, and the cause was remanded for a new trial on account of an erroneous instruction given by the court.  For a statement of the issues and most of the facts in the case, reference is made to the written opinion of this court on the first appeal, which is reported in 170 Ark., page 201, under the style of *Bowen-Oglesby Milling Company* v. *Hall.* On a new trial of the cause a judgment was rendered against appellant herein for $807.04.

Appellant contends for a reversal of the judgment upon three alleged grounds: (1) The court erred in permitting witness Holder to testify in detail as to the condition of the Bank of Hatfield subsequent to the 9th day of October, 1923.  (2) The court erred in permitting witness Magruder to testify concerning the custom and rule among the banks as to collecting checks and remitting therefor.  (3) The court erred in giving to the jury the court's instruction No. 1, as follows:

"The jury may consider all the evidence in the case in arriving at the conclusion as to whether or not the bank was able to pay the check when it received the same for payment."

(1).  There were only two issues of fact in the case, one being whether the goods were shipped on October 1, 1923, on a written order of August 7, 1923, or on a separate and distinct verbal order made on October 1, 1923; and if, on a separate and distinct verbal order, whether the bank at Hatfield had sufficient funds to remit for the collection on the day it accepted Hall's check and delivered him the draft with bill of lading attached.  Of course, if the goods were shipped under the written order,

it was immaterial, as between appellant and appellee, whether the Bank of Hatfield had sufficient funds to pay appellant's check on the day it accepted it, because the written order contained a clause making appellant responsible for final payment. Although the cashier of the Bank of Hatfield testified, on direct examination, that the bank had funds sufficient to remit for the check it accepted from Hall in payment of the goods, yet, on cross-examination touching the condition of the affairs of the bank, he made statements indicating otherwise.

We think appellee had a right to assail the statement of the cashier by requiring him to disclose its insolvency at the time it accepted the check and its failure in a few days thereafter. The testimony objected to was competent and relevant as responsive to the issue whether the bank had available funds to remit for the check in payment for the car of goods.

(2). Magruder's testimony with reference to the custom of banks in collecting and remitting on checks was competent. He testified that it was the custom to remit for checks collected by a bank on the day they collected them. The neglect of a bank in failing circumstances to conform to custom in handling a check would be a circumstance tending to show that its failure to remit was due to a lack of funds.

(3). Appellant admits that the issues and respective theories of himself and appellee were correctly submitted to the jury under the instructions requested by each of them, and which were given by the court, but insists that instruction No. 1, given by the court on its own motion, set out above, was erroneous and prejudicial to its rights. The specific objections made to the instruction are that it is argumentative, and calls attention to a particular part of the evidence. It is not argumentative, but simply advises the jury that it might consider all of the evidence in the case in determining the issue as to whether the bank had available funds to pay the check it received in payment of the draft, or whether it could have remitted for the draft the day it delivered

same to appellant in exchange for his check drawn on said bank. The court did not call attention to any particular evidence bearing upon this issue, or express any opinion thereon. He simply referred to one of the pivotal issues in the case, and said that they should consider all of the evidence relating thereto in reaching a conclusion upon it. It perhaps would have been better to tell the jury that, in determining each issue in the case, it should take into consideration all the evidence introduced relative to each. Objection was not made that the instruction unduly emphasized one issue to the exclusion of the other. No doubt the court would have broadened the instruction to include all the issues had the appellant made such request. We are unable to see where appellant was prejudiced in the least by the instruction.

No error appearing, the judgment is affirmed.